UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

**MARINA PEREZ**, as Parent and Natural Guardian of **C.P.**, and **MARINA PEREZ**, Individually,

                    Plaintiff,

    -against-

**MEISHA PORTER**, in her official capacity as Chancellor of the New York City Department of Education, **NEW YORK CITY DEPARTMENT OF EDUCATION**,

                    Defendants.
---------------------------------------------------------------------------x

**COMPLAINT**

**21-CV-**

Plaintiff Marina Perez ("Parent"), the parent and natural guardian of C.P.[1], in the above-captioned case, as and for her Complaint, alleges as follows:

## JURISDICTION AND VENUE

1. The instant case arises under a federal statute, the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. ("IDEA") and the regulations of the United States Department of Education, which were promulgated pursuant to authority granted by the statute (34 C.F.R. Part 300).

---

[1] Although the full name of the Parent is used in the Complaint herein, pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232g (and 34 C.F.R. Part 99), Plaintiff is using the initials of the Student to protect the Student's privacy.

1

2. This Court has subject matter jurisdiction of this Complaint under 28 U.S.C. §1331, in that claims arise under federal law (IDEA), 28 U.S.C. §1343(a), in that the claims herein arise under laws providing for the protection of civil rights, and under 20 U.S.C. §1415(j).

3. To the extent, if any, that this case involves questions of special education rights under New York State law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Pursuant to 28 U.S.C. §1391(b), venue is properly placed within the Eastern District of New York in that Defendants New York City Department of Education ("DOE"), and Meisha Porter, as Chancellor of the New York City Department of Education, both maintain business offices in Kings County.

5. Plaintiff is entitled to costs and attorneys' fees under 42 U.S.C. §1988(b) and 20 U.S.C. §1415(i), if determined to be a prevailing party.

## **FACTUAL ALLEGATIONS**

6. Plaintiff MARINA PEREZ is C.P.'s Parent.

7. C.P. is a 19-year-old young man who suffers from quadriplegic cerebral palsy, muscle hypotonia, developmental delay, coxa valga, mental retardation, dystonia, chorea, impaired mobility, mirocephaly and intellectual disability, and presents with significant academic, communicative, and social/interpersonal needs due to the extensive nature of his brain injury. As a result of his brain injury, C.P. has global developmental impairments and fully depends on his caregivers for all activities of daily living ("ADL"). These impairments adversely affect his educational abilities and performance. C.P. is non-verbal and non-ambulatory, and has highly intensive management needs which require a high degree of individualized attention, instruction and intervention.

8. C.P. is classified as a student with a disability, and is a resident of New York City. As such, DOE is obligated to provide him with a Free Appropriate Public Education

("FAPE") pursuant to IDEA. Accordingly, the DOE must provide C.P. with an appropriate educational placement, set forth in an Individualized Education Program ("IEP"), for every school year.

9. On or about May 27, 2020, the DOE's Committee on Special Education ("CSE") met for the purpose of developing an IEP for C.P. for the 2020-2021 School Year.

10. The CSE recommended that C.P. attend a 6:1+1 class in a District 75 public school.

11. The CSE also recommended that C.P. receive individual Occupational Therapy, Physical Therapy, and Speech/Language Therapy in 60-minute sessions.

12. Parent disagreed with that recommendation because it failed to offer or provide a FAPE for C.P. for the 2020-2021 school year, as the recommended school was closed to in-person learning, a copy of the IEP formulated on May 27, 2020, was never given to the Parent, and no remote learning plan for the Student had been devised.

13. On June 26, 2020, Parent provided DOE with a 10-Day Notice advising that absent an appropriate placement recommendation by DOE, C.P. would attend the International Institute for the Brain ("iBRAIN") for the 2020-2021 school year.

14. iBRAIN is a specialized school located in New York City that focuses on educating school-aged students with brain injuries or brain-based disorders.

15. On July 6, 2020, C.P. commenced attending iBRAIN where he remains a student. C.P. attended a 6:1:1 class and also has the services of a 1:1 paraprofessional during an extended school day as part of an extended school year. He received special education related services (Physical Therapy, Occupational Therapy, Vision Education, Speech & Language Therapy, Parent Counseling and Training and Assistive Technology Services) on a 1:1 basis for 60-minute sessions, as well as the use of an assistive technology device

and special transportation services that consisted of a 1:1 transportation paraprofessional, a wheelchair accessible vehicle with air conditioning, and limited travel time.

16. Also on July 6, 2020, and pursuant to the IDEA and New York State Education Law, the Parent brought a due process complaint under Impartial Hearing Case No. 196360 against DOE alleging, among other things, that DOE did not provide C.P. with a FAPE for the 2020-2021 school year and requesting as relief, among other things, a "stay-put" or pendency order requiring DOE fund C.P.'s placement at iBRAIN during the pendency of the due process proceeding, as required under 20 U.S.C. §1415(j).

17. On September 9, 2020, Impartial Hearing Officer Diane Cohen ("IHO Cohen") was the trial-level administrative official assigned to hear the case.

18. IHO Cohen initially conducted a pendency hearing, and in an Order on Pendency dated November 2, 2020, IHO Cohen denied Parent's request for pendency at iBRAIN.

19. A due process hearing on the merits of the Parent's claim was subsequently conducted by IHO Cohen, which proceeding concluded on December 4, 2020.

20. On January 22, 2021, IHO Cohen issued a written Findings of Fact and Decision ("FOFD"), finding that: 1) DOE offered C.P. an appropriate program for the 2020-2021 school year; 2) the Parent's placement of C.P. at iBRAIN was appropriate as it provided educational benefits to the Student; and, 3) the equities favored DOE "due to the [Parent's] failure to adequately inform the DOE as to the specifics of the alleged inadequacies of the program, as well as any failure to offer a placement." (IHO Case No. 196360, FOFD at 23).

21. Parent filed a Request for Review ("RFR") dated March 8, 2021, as an appeal from IHO Cohen's FOFD, to the New York State Education Department's Office of State Review.

22. On April 28, 2021, State Review Officer Steven Krolak ("SRO Krolak") issued a decision in SRO Dec. No. 21-077, which reversed IHO Cohen's determination and ruled that DOE's recommendation denied a FAPE to C.P. and affirmed that the Parent's placement of C.P. at iBRAIN was appropriate.

23. The SRO noted that "the IHO erred in determining that the failure to provide the parent with notice of the school location where the student would receive services prior to the start of the school year did not result in a denial of FAPE for the extended 2020-2021 school [year]." SRO Dec. No. 21-077, p. 16.

24. However, SRO Krolak erred by ruling that the "equitable considerations warrant a 35 percent reduction in relief awarded including tuition and transportation costs." SRO Dec. No. 21-077, p. 16.

25. The instant action is an appeal of SRO Krolak's April 28, 2021, decision in SRO Dec. No. 21-077.

26. SRO Krolak's decision is contrary to the preponderance of the record evidence and the relevant case law.

27. The SRO Krolak's decision in SRO Dec. No. 21-077 is erroneous because it relies on an incorrect application of the IDEA and New York State Education Law, as well as erroneous findings of fact.

28. Plaintiff neither waives, nor abandons, any claims or arguments under the IDEA or applicable state law.

## CAUSES OF ACTION

### COUNT ONE

### ERRONEOUS DECISION BY SRO

29.     Plaintiff reiterates, repeats, and reaffirms each allegation set forth above as if fully set forth herein.

30.     SRO Krolak failed to properly discharge his duties as required by the IDEA, 20 U.S.C. §1400, *et seq.,* the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and the Regulations of the New York State Commissioner of Education, Part 200.

31.     The SRO decision in SRO Dec. No. 21-077 concerning the 2020-2021 school year for C.P. should be reversed for several reasons, including but not limited to, the following:

   a.   The SRO's decision is flawed and legally defective because it relies on an erroneous application of the IDEA and New York State Education Law and erroneous findings of fact; and

   b.   The SRO erroneously failed to find that the equities favor the Parent and disfavor the DOE.

32.     Based on the foregoing, Plaintiff's rights were violated under the IDEA, the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and the Regulations of the New York State Commissioner of Education, Part 200.

33.     Plaintiff has incurred damages, and Defendants' actions have caused Plaintiff's damages.

34.     Plaintiff is entitled to all appropriate relief under the IDEA, including reasonable attorneys' fees.

35.     Parent is entitled to reimbursement for tuition and related services under the IDEA for C.P.'s placement at iBRAIN during the 2020-2021 school year because: 1) Defendants

failed to offer or provide C.P. with a FAPE; 2) iBRAIN was an appropriate placement in that C.P.'s educational program was tailored to meet C.P.'s individual needs; and, 3) The balance of equities favors an award to the Parent due to the DOE's failure to offer or provide C.P. with a FAPE which conduct and actions are not traceable to any actions by the Plaintiff, and the cost of iBRAIN (tuition and related services, including transportation) for the 2020-2021 school year is reasonable, relative to the services that C.P. received.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1. Conduct an independent review of the administrative record;

2. Annul SRO Krolak's April 28, 2021, decision in SRO Dec. No. 21-077 that denied relief to Parent and to C.P. based on the erroneous finding that the equities favored a thirty-five percent (35%) reduction in reimbursement for tuition and related services, including but not limited to transportation;

3. Declare that the school recommended by DOE for C.P. at M079 Horan School, located at 55 East 120 Street, Manhattan, NY, was not appropriate for C.P.;

4. Declare that Defendants failed to offer or provide C.P. with a FAPE for the 2020-2021 school year;

5. Declare that iBRAIN was appropriate for C.P. during the 2020-2021 school year;

6. Declare that the equities weigh in favor of a full award of direct funding of C.P.'s placement at iBRAIN during the 2020-2021 school year;

7. Direct Defendants to reimburse C.P.'s Parent for any costs of tuition and related services at iBRAIN during the 2020-2021 school year;

8. Direct Defendants to directly fund any remaining costs of tuition and related services for C.P. at iBRAIN during the 2020-2021 school year;

9. Declare Plaintiff to be the "substantially prevailing party" (for purposes of IDEA's fee-shifting provision);

10. Direct Defendants to pay for the costs and expenses of maintaining this action before the IHO and the SRO, pursuant to 20 U.S.C. §1415;

11. Grant Plaintiff leave to submit a statutory fee application;

12. Direct Defendants to pay for the costs and expenses for maintaining this action, including reasonable attorneys' fees, pursuant to 20 U.S.C. §1415(i)(3)(B); and

13. Grant such other, further, and different relief as this Court may find just, proper, and equitable.

Dated: August 27, 2021
New York, New York,

/s/ Peter G. Albert
**PETER G. ALBERT, ESQ.**
Attorney for Plaintiff/Parent
BRAIN INJURY RIGHTS GROUP, LTD.
300 E. 95th Street, Suite 130
New York, NY 10128
Tel: 646-850-5035