UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

MARINA PEREZ individually and as a Parent and Natural Guardian of C.P.,

                                                                           Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION and MEISHA PORTER in her official capacity as Chancellor of the New York City Department of Education,

                                                                           Defendants.

----------------------------------------------------------------- x

STIPULATION OF SETTLEMENT AND

ORDER OF DISMISSAL PURSUANT TO RULE 41(a)(1)(A)(ii).

21-cv-4858 (ENV)(RLM)

**WHEREAS** Plaintiff Marina Perez, as Parent and natural guardian of C.P. ("Plaintiff"), commenced an administrative proceeding pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.*, concerning C.P.'s 2020/2021 school year, which was designated Impartial Hearing ("IH") Case No. 196360 and State Review Officer ("SRO") No. 21-077;

**WHEREAS** after a hearing on the merits, an IH Officer issued a decision on January 25, 2021;

**WHEREAS** on August 27, 2021, Plaintiff commenced this action against Defendants New York City Department of Education and Meisha Porter ("Defendants") seeking tuition for the International Institute for the Brain ("iBrain") for the 2020/2021 school year, attorneys' fees, related costs and expenses incurred in connection with Case No. 196360, SRO No. 21-077, and this action;

**WHEREAS** Defendants deny any and all liability arising out of Plaintiff's allegations in this action; and

**WHEREAS** Plaintiff and Defendants (collectively, the "Parties") now desire to resolve the issues of tuition reimbursement, attorneys' fees and related costs and expenses arising out of Case No. 196360, SRO No. 21-077, and this action without further proceedings, on terms and conditions that are just and fair to the Parties;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, through the undersigned, as follows:

1. In consideration of payment of the sum set forth in paragraph "2" and "4" below, this action is hereby dismissed with prejudice pursuant to Rule 41(a)(1)(A)(ii), without fees, costs, or expenses in excess of the amount specified in paragraph "2" and "4".

2. Defendants shall fund EIGHTY SIX PERCENT (86%) of the total cost of tuition, related services, and transportation associated with the Student's 2020-2021 school year at iBrain. This amount is TWENTY ONE PERCENT 21% greater than was ordered by the SRO in No. 21-077, which was SIXTY-FIVE PERCENT 65%. The Parties stipulate that twenty one percent of the total cost of tuition, related services, and transportation amounts to $72,785.12 SEVENTY TWO THOUSAND SEVEN HUNDRED EIGHTY FIVE DOLLARS AND TWELVE CENTS. The Parties agree that this stipulation does not affect the Defendants' obligation to fund the SIXTY-FIVE PERCENT (65%) of the total cost of tuition, related services, and transportation ordered by the SRO in No. 21-077.

3. The funds shall only be used for the tuition, related services and transportation arising out of the Student's 2020-2021 school year at iBrain. Payment under this Agreement will be contingent upon DOE's receipt of attendance records indicating the Student's daily attendance at, or an excused absence by, the School and proof of tuition

costs, as specified in paragraph "3" of this Agreement. Any absences or periods of nonattendance resulting from the School being closed as a result of an order by or on the advice of a federal, state, or local government agency or authority related to COVID-19 shall not be deemed to constitute absences, provided the Parent submits satisfactory documentation detailing steps taken by the School to meet the Student's special education needs during such period of school closure and/or extended absence via remote instruction, teleservices, or provision of schoolwork and materials. Any tuition payment under this Agreement shall be pro-rated absent proof of attendance, excused absence, or satisfactory remote learning and the Student's daily participation in the same. The Parent and/or the School shall submit documentation to the DOE consistent with the foregoing. If the School has not previously been paid by the DOE or has had a change in name or address since prior payments, the School shall submit a completed W-9 form. Any payment for tuition must be for services actually delivered to the Student. The documentation referenced herein shall be submitted by one of the following methods:

    a.    Preferred method by e-mail to: NPSPSettlements@schools.nyc.gov (please include the Student's name and OSIS in the subject line); or

    b.    By U.S. Mail to: New York City Department of Education, Bureau of Non Public School Payables, Attention: Settlements Unit, 65 Court Street, Room 1001, Brooklyn, New York 11201; or

    c.    By facsimile to: (718) 472-6101, Attention: Settlement Unit, Bureau of Non-Public School Payables.

4. The City of New York shall pay FORTY-SIX THOUSAND DOLLARS ($46,000.00) in full satisfaction of all claims for attorneys' fees, costs, and expenses, incurred or

accrued concerning C.P.'s 2020/2021 school year, IH Case No. 196360, and SRO No. 21-077.

5. Payment of the amount specified in paragraph "4" will be made by check payable to "Brain Injury Rights Group, Ltd.," and mailed to Plaintiffs' attorneys, Brain Injury Rights Group, Ltd., ("BIRG"), c/o Peter Albert, 300 East 95th Street, Ste. 130, New York, New York 10128.

6. In consideration of the payment of the amount specified in paragraph "2" and "4", Plaintiffs and BIRG agree to the dismissal of all claims against Defendants in this action, and to hereby release and discharge Defendants and the City of New York, and their successors and assigns, and all past and present officials, employees, departments, agencies, representatives, directors, and agents of the City of New York and Defendants from any and all liability, claims, and/or rights of action arising from or relating to any claims that Plaintiffs or BIRG may have for costs, expenses, and/or attorneys' fees incurred or accrued in connection with C.P.'s 2020-2021 school year, IH Case No. 196360, and SRO No. 21-077.

7. Upon execution of this Stipulation and Order, Plaintiffs and BIRG shall each execute separate Releases based upon the terms of paragraphs "2" through "6" above, BIRG shall complete a substitute W-9 form, and BIRG shall promptly provide these Releases and the substitute W-9 form to Defendants' undersigned counsel.

8. Payment of the amount specified in paragraph "2" and "4" is conditioned upon delivery of all documents reasonably necessary to effectuate this Stipulation and Order as described in paragraph "3".

9. Nothing contained herein shall be deemed to be an admission by Defendants that it has in any manner or way violated either Plaintiffs' rights or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules, or regulations of the United

States, the State of New York, the City of New York, or Defendants, or any other rule, regulation, or bylaw of any department or subdivision of the City of New York or Defendants.

10. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or Defendants.

11. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation, proceeding, or settlement negotiation, except as may be necessary to enforce its terms.

12. This Stipulation and Order contains all of the terms and conditions agreed upon by the Parties, and no oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Stipulation and Order, regarding the subject matter of the instant proceeding shall be deemed to exist, to bind the Parties hereto, or to vary the terms and conditions contained herein.

13. Neither this Agreement, nor the DOE's payment for the School tuition pursuant to paragraph "3" supra, whether provided pursuant to this Agreement or otherwise, shall be relied upon by any Party to indicate, establish or support the position that the School and/or the Services constitutes either a recommendation by the DOE, or an agreement by the Parties, that the School and/or Services constitutes an appropriate program for the Student, in whole or in part.

14. This Agreement shall not be relied upon by any Party to indicate, establish or support that the School was, or comprises, in whole or in part, the Student's educational program or placement for purposes of the "pendency" or "stay put" provisions of the Individuals with Disabilities Education Act ("IDEA") and its implementing regulations (20 U.S.C. § 1415(j) and 34 C.F.R. § 300.518) and/or New York State law and regulations (N.Y. Educ. Law §§ 4404(4), 4410(7)(c) and 8 NYCRR § 200.5(m)) (collectively, the "Pendency Provisions") in any litigation concerning any future school year(s).

15. Nothing contained herein shall be deemed to be an agreement or admission by Defendants or the City of New York as to the reasonableness of the number of hours billed or the hourly rates claimed by Plaintiffs' counsel.

16. The Stipulation and Order is final and binding on all Parties, as well as their successors and assigns.

17. This document may be executed in subparts, and, whether or not it is executed in subparts, a signature received by facsimile or electronic mail shall have the same force and effect as an original signature.

Dated:    New York, New York
          January 27, 2023

BRAIN INJURY RIGHTS GROUP, LTD.
Attorney for Plaintiffs
300 East 95th Street, Ste. 130
New York, New York 10128
(646) 850-5035
peter@pabilaw.org

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street
New York, New York 10007
(212) 356-02079
jecullen@law.nyc.gov

By: _____
    Peter Albert

By: _____
    James Cullen
    Assistant Corporation Counsel

**Application Granted**
**SO ORDERED**
Brooklyn, New York
Dated: 2/2/2023

/s/ Eric N. Vitaliano
_____
Eric N. Vitaliano
United States District Judge