

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**ALFRED MILLER, JR.**
Phone: (212) 356-2392
Fax: (212) 356-1148
AlfMille@law.nyc.gov
(not for service)

<u>**VIA ECF**</u>    June 10, 2025

Hon. Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re***:*   <u>Perez et al. v. Porter et al.</u>, Case No. 21-cv-4858 (ENV) (MMH)

Dear Judge Vitaliano:

I write in response to Plaintiffs letter (ECF No. 38) seeking immediate payment despite that Plaintiffs have unclean hands and are legally incorrect. Plaintiffs demand for immediate payment, however, is both inconsistent with the agreement to which the parties agreed and inconsistent with the law.

By its terms the Settlement Agreement (ECF No. 36) expressly conditioned payment upon the "promt[]" provision of the Releases and the Substitute W-9 to the undersigned counsel. Despite the agreement signed with the prior Assistant Corporation Counsel and a request from the current Assistant Corporation Counsel on February 15, 2024, Plaintiff ultimately provided the required Substitute W-9 on May 9, 2025. Counsel claims to have submitted the required documents directly to the Department of Education notwithstanding the expressed agreement to return the documents to counsel. Despite their failure to promptly provide the documents Plaintiffs now—years later—demand payment immediately.

Consistent with the default rule in CPLR 5003-a(b) a municipality, such as the New York City Department of Education, has 90 days to remit payment. 5003-a(b) provides that "[w]hen an action to recover damages has been settled and the settling defendant is a municipality or any subdivision thereof, or any public corporation that is not indemnified by the state, it shall pay all sums due to any settling plaintiff within ninety days of tender, by the settling plaintiff to it, of duly executed release and a stipulation discontinuing action executed on behalf of the settling plaintiff." Courts in this district have applied this provision when enforcing federal settlement agreements. See; <u>Diaz v. City of N.Y.</u>, No. 15-cv-1842 (ARR) (RER), 2016 U.S. Dist. LEXIS 87638, at *6

(E.D.N.Y. July 1, 2016); Brown v. City of N.Y., No. CV 2009-1809 (RJD)(MDG), 2012 U.S. Dist. LEXIS 24365, at *4 (E.D.N.Y. Jan. 30, 2012). The stipulation of settlement did not alter the default rule in any way. As the default rule remains unaltered, the Department of Education has 90 days after the provision of the release.

Plaintiffs invocation *L.V. v. N.Y.C. Dep't of Educ.* remains disingenuous and misplaced. The settlement agreement in *L.V.* requires timely implementation[1] of Orders, but an "Order" is a defined term which applies only to "a decision, determination, order or statement of agreement and order (in its entirety, including all Action Items contained therein) issued by an Impartial Hearing Officer in New York City…" As the express terms limit the settlement agreement in *L.V.* is limited to the timely implementation of Impartial Hearing Orders it bears no import to the instant proceeding concerning enforcement of the settlement agreement at issue.

Nevertheless, Defendants have processed the documents for payment after receiving the documents on May 9, 2025. The DOE will make payment on or before August 7, 2025 – 90 days after the eventual receipt of the required documents.

Respectfully submitted,

*/s/ Alfred Miller, jr.*
Alfred Miller, Jr.
Assistant Corporation Counsel

---

[1] "Timely Implemented" is likewise a defined term. Indeed, where the conduct of a third party—such as providing documentation—inhibit the ability for DOE to implement an IHO order, such order was timely implemented.